UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00149-GNS-HBB

CHRIS BUCKMAN                                                                               PLAINTIFF

v.

INGERSOLL-RAND COMPANY                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 17), and Plaintiff's Motion for Partial Summary Judgment (DN 19). The motions have been fully briefed and are ripe for decision. For the reasons stated below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## I.      BACKGROUND

On or about January 7, 2014, Plaintiff Chris Buckman ("Buckman") injured his knee while working for Defendant Ingersoll-Rand Company ("IRC"). (Def.'s Mem. in Supp. of Mot. for Summ. J. 4, DN 17-1). Plaintiff saw a physician and filed a worker's compensation claim in late January or early February. (Def.'s Mem. in Supp. of Mot. for Summ. J. 4). After his injury, Buckman was late to work several times but never reported his tardiness was related to his injury. (Def.'s Mem. in Supp. of Mot. for Summ. J. 4).

On February 5, 2014, an IRC employee informed Buckman's supervisor that Buckman had pre-planned a "sick day" on February 6, 2014. (Def.'s Mem. in Supp. of Mot. for Summ. J. 4). Buckman had conveyed to co-workers that he was taking the day off, not because he was

sick, but because he was "frustrated." (Def.'s Mem. in Supp. of Mot. for Summ. J. 4). This information prompted Buckman's supervisor to review Buckman's attendance record, which reflected that Buckman had taken several sick days and had far exceeded the maximum amount of "tardies" IRC allowed. (Def.'s Mem. in Supp. of Mot. for Summ. J. 5). This was discussed with Buckman on his return on February 7, 2014, and Buckman was warned that if he were tardy without good cause or took another sick day, he would be terminated. (Def.'s Mem. in Supp. of Mot. for Summ. J. 5). Buckman was on vacation on February 17, 2014, through February 24, 2014, and then was late for work on his return on February 25, 2014. (Def.'s Mem. in Supp. of Mot. for Summ. J. 6). Buckman was terminated shortly after this event. (Def.'s Mem. in Supp. of Mot. for Summ. J. 6).

After Buckman filed suit against IRC in Taylor Circuit Court, IRC properly removed this action to this Court on November 5, 2014, on the basis of diversity of citizenship. (Am. Compl., DN 1-1; Notice of Removal 1-2, DN 1). In this action, Buckman alleges: a violation of the workers' compensation retaliation statute, KRS 342.197; wrongful discharge; and vicarious liability.[1] (Am. Comp. ¶¶ 16-24).

---

[1] While it has not been raised by the parties, federal law explicitly prohibits the removal of a "civil action in any State court arising under the workmen's compensation laws of such State . . . ." 28 U.S.C. § 1445(c). *See also Hackworth v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 912 (E.D. Ky. 2009). A removal on this basis represents a procedural defect and is waived if not raised by motion within thirty days of removal. *See Hackworth*, 613 F. Supp. 2d at 912-13 (citations omitted). Because it was not timely raised in this case, this procedural defect has been waived.

## II.   JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00.

## III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).   "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).   "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id*. (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted).  Rather, the non-moving party must present facts establishing that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by

"showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV.    DISCUSSION

Plaintiff claims he was terminated by IRC in retaliation for filing a worker's compensation claim in violation of the Kentucky law and seeks multiple types of damages related to this claim. Before considering whether the damages sought are appropriate, however, the Court must consider whether a genuine issue of material fact exists relating to Buckman's retaliation claim.[2]

Under KRS 342.197, "[n]o employee shall be harassed, coerced, discharged or discriminated against in any manner whatsoever for filing and pursuing a lawful claim . . . ." KRS 342.197(1). The statute also provides remedies for any violations. KRS 342.197(3). Because the parties have not identified any direct evidence of retaliation, the Court will apply burden-shifting to determine whether summary judgment is warranted. *See Bishop v. Manpower, Inc. of Cent. Ky.*, 211 S.W.3d 71, 76-77 (Ky. App. 2006).

### A.    Prima facie case

To prove a *prima facie* claim of retaliation, a plaintiff must "show at a minimum that he was engaged in a statutorily protected activity, that he was discharged, and that there was a connection between the protected activity and the discharge." *Id.* at 75 (internal quotation marks

---

[2] Under Kentucky law, Plaintiff's retaliation claim under KRS 342.197 preempts his common-law wrongful discharge claim. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) ("Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." (citations omitted)). Accordingly, the wrongful discharge claim will be dismissed.

omitted) (quoting *Willoughby v. GenCorp., Inc.*, 809 S.W.2d 858, 861 (Ky. App. 1990)). The Kentucky Court of Appeals has also noted that "[a]s to the last prong of this test, the employee must prove that the workers' compensation claim was a substantial and motivating factor but for which the employee would not have been discharged." *Id.* (citing *First Prop. Mgmt. Corp. v. Zarebidaki*, 867 S.W.2d 185, 188 (Ky. 1993)).

In this case, IRC concedes Buckman filed a workers' compensation claim and that he was subject to an adverse employment action. (Def.'s Mem. in Supp. of Mot. for Summ. J. 9). The point of contention, however, is whether Plaintiff presented any evidence of a causal link.

To establish a causal connection, a plaintiff must present evidence that the claim was a "substantial and motivating" factor in the employer's decision to terminate him. *See Colorama, Inc. v. Johnson*, 295 S.W.3d 148, 152-53 (Ky. App. 2009) (citations omitted). Because temporal proximity alone can be sufficient to satisfy this element and Buckman's termination occurred within a month of his protected activity, the Court finds that he has presented sufficient evidence to prove a *prima facie* case. *See Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 135 (Ky. 2003).

## B.    IRC's burden

Because Buckman has met his initial burden, IRC must present evidence of a legitimate non-discriminatory reason for its decision to terminate Buckman. *See Bishop*, 211 S.W.3d at 76. IRC has proven that in just over three months before his termination, Plaintiff was late for work twenty-seven separate times without excuse and also took a substantial amount of sick days off. (Def.'s Mem. in Supp. of Mot. for Summ. J. 5). This work record creates an objectively reasonable non-discriminatory reason for Plaintiff's termination. *See Clark v. Alcan Aluminum Corp.*, 41 F. App'x 767, 771, 775 (6th Cir. 2002) (finding poor work record with habitual

5

tardiness formed a non-discriminatory reason for plaintiff's termination).   Buckman was consistently late to work in clear violation of IRC policies.  (Pl.'s Reply 4).   After he was warned against further tardies, Buckman proceeded to show up late again on his first day back from vacation.  Accordingly, the Court finds that IRC has met its burden.

### C.   <u>Pretext</u>

Because IRC has articulated a non-discriminatory basis for the termination, Buckman must prove pretext—i.e., "that the discriminatory motive was a substantial and motivating factor behind the adverse employment action."  *Bishop*, 211 S.W.3d at 76 (citations omitted).

> Proof that the defendant's non-retaliatory reasons are "unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." . . . In other words, a plaintiff's *prima facie* case plus proof of a pretext may constitute sufficient evidence to survive a motion for a directed verdict.

*Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 916 (Ky. App. 2006) (quoting *Ky. Dep't of Corrs. v. McCullough*, 123 S.W.3d 130, 134 (Ky. 2003)).

Plaintiff argues IRC's reason of terminating an employee for consistently being late is "weak."  (Pl.'s Reply 3-4).  To the contrary, the only evidence on record that IRC terminated Buckman for filing a workers' compensation claim (other than temporal proximity) consists entirely of inadmissible hearsay.  For example, Buckman claims a co-worker told him that an anonymous third-party had said Buckman would no longer be working at IRC after February and Buckman's uncle—a former employee of IRC—said Buckman needed to drop his workers' compensation claim or he would be fired.  (Buckman Dep. 136:23-35, 137:1-11, Aug. 3, 2015, DN 17-2).   Buckman has neither established that any of these declarants knew Buckman's employment situation nor have these alleged third-party statements been linked to anyone involved with IRC's decision to fire Plaintiff.   Furthermore, Buckman does not claim this

evidence would be admissible at trial and cannot use this evidence to survive a summary judgment motion. *See Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012) ("It is well established that a court may not consider hearsay when deciding a summary judgment motion." (citations omitted)).

Particularly relevant to the issue of pretext is the fact Buckman had previously filed a workers' compensation claim in 2006 or 2007, *before* IRC's attendance policy went into place. (Def.'s Mot. 3). Buckman makes no claim that he was reprimanded for this previous claim. Instead, he was reprimanded following the 2014 injury, *after* the attendance policy went into effect and *after* Plaintiff's supervisors became aware of his repeated violations of IRC's attendance policies. (Def.'s Mem. in Supp. of Mot. for Summ. J. 2). The facts that no retaliation was taken on Buckman's prior worker's compensation claim, that he was reprimanded only after repeated violations of IRC attendance polices, and that he was terminated shortly after misrepresenting his February 6, 2014, absence as a "sick day" undermine any argument of pretext. (Def.'s Mem. in Supp. of Mot. for Summ. J. 2-4). Of course, employees may be terminated for excessive absences or tardiness. *See Clark*, 41 F. App'x at 771, 775. In fact, there are few more fundamentally non-discriminatory reasons for the firing of an employee than not showing up to work on time. Habitual tardiness and repeated absence from work—plus Buckman's misrepresentation regarding his February 6, 2014, absence—form a strong non-discriminatory reason for termination which Buckman has failed to establish was pretextual.

Buckman has provided no admissible evidence other than temporal proximity to establish his claim. Temporal proximity may be sufficient to establish a *prima facie* case under Kentucky law, but Buckman's chronic tardiness and absenteeism from work—even after a final warning—are clear non-discriminatory reasons for his termination. As Buckman has not shown this non-

discriminatory reason was pretextual, the Court must reject Buckman's claim. As such, Buckman's arguments regarding damages under KRS 342.197 are moot.

Plaintiff also notes that "IRC had a policy which permitted employees to make up missed time." (Pl.'s Mot. 6). In relevant part, the policy provides that "[e]mployees may be given the opportunity to 'make-up' or adjust hours on a given day if the business schedule allows. This is managed by the employee's direct supervision." (Pl.'s Mot. for Partial Summ. J. Ex. G, at 2, DN 19-13). The language of the policy, however, does not excuse an employee's absence or tardiness. Further, Buckman has not alleged or pointed to any evidence in the record that this policy was discriminatorily applied to him.

As the Sixth Circuit has held, courts do not sit as super-personnel boards to second-guess the decisions made by management. *See Smith v. Leggett Wire Co.*, 220 F.3d 752, 763 (6th Cir. 2000) ("[I]t is inappropriate for the judiciary to substitute its judgment for that of management." (citation omitted)). While Buckman disagrees with the stated reason for his termination, his subjective beliefs about the true reason for his termination are insufficient to satisfy his burden of proving pretext. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992) ("[R]umors, conclusory allegations and subjective beliefs which are wholly insufficient evidence to establish a claim of discrimination as a matter of law." (citations omitted)).

For these reasons, Buckman has failed to produce evidence that this filing of a workers' compensation claim was a substantial and motivating factor for his termination. Accordingly, the Court will grant summary judgment for IRC.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 17) is **GRANTED**, and Plaintiff's Motion for Partial Summary Judgment (DN 19) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
May 20, 2016

cc:     counsel of record